UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE LIVERY ROUND TABLE, INC., BLACK
CAR ASSISTANCE CORP., THE NEW YORK
BLACK CAR OPERATORS INJURY
COMPENSATION FUND, LIMO ASSOCIATION
OF NEW YORK, INC., LIVERY BASE
OWNERS, INC., FAST OPERATING CORP.
d/b/a CARMEL CAR & LIMOUSINE
SERVICE, and REUVEN BLECHER,

                Plaintiffs,

- against -

NEW YORK CITY TAXI AND LIMOUSINE
COMMISSION, MEERA JOSHI, in her
official capacity as Chair and Chief
Executive Officers of the New York
City Taxi and Limousine Commission,
and THE CITY OF NEW YORK,

                Defendants.

18-cv-2349 (JGK)

MEMORANDUM OPINION &
ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 4/12/18

---

JOHN G. KOELTL, District Judge:

    The plaintiff seeks to introduce testimony at the preliminary injunction hearing scheduled for April 16, 2018. The list of proposed witnesses includes two individuals who previously submitted declarations and three who did not submit declarations. The defendants oppose any testimony at the hearing and argue that the hearing should be limited to issues of law. The defendants propose that witness testimony, if necessary, should await a further hearing.

    In general, parties have a right to introduce testimony at a preliminary injunction hearing to resolve disputed issues of

fact. See Fed. R. Civ. P. 65(a)(2); Fengler v. Numismatic Americana, Inc.,, 832 F.2d 745, 747 (2d Cir. 1987); Dodge v. Cnty. of Orange, 208 F.R.D. 79, 85-87 (S.D.N.Y. 2002).

In this case it is not clear what, if any, the disputed issues of fact are, or whether the parties' material disagreements are limited to legal issues. However, it makes no sense to have the parties return for a subsequent evidentiary hearing when the purpose of a preliminary injunction is to decide the issue of interim relief promptly. Therefore, the parties should have the opportunity to present testimony at the scheduled hearing on any disputed issues of fact that have been raised in the motion for a preliminary injunction.

Any evidence should be limited to witnesses who have already submitted declarations to the Court in support of or in opposition to the application for a preliminary injunction. It would be unfair for either party to rely on new witnesses whom the other side has not had an opportunity to rebut in the papers already submitted. Moreover, the plaintiffs first submitted their request for testimony on April 11, 2018, two business days prior to the date for the hearing. That is insufficient notice for the defendants to gather responsive testimony to witness testimony that the plaintiffs have not even detailed at this point.

Therefore, either side will have an opportunity to introduce testimony at the hearing scheduled for April 16. However, any witness who will provide testimony at the hearing must be made available for a deposition on April 13, 14, or 15.

Each side will have two hours at the hearing to examine any witnesses. The time a lawyer examines a witness, whether on direct or cross or any other examination, counts towards that party's time limit of two hours.

If the Court or the parties believe that further testimony is appropriate with respect to any disputed issue of fact relevant to a decision on the preliminary injunction, the issue can be discussed at the April 16 hearing.

**SO ORDERED.**

Dated:  New York, New York
        April 12, 2018

_____
John G. Koeltl
United States District Judge